NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3115
_____

UNITED STATES OF AMERICA

v.

EARL J. CRAYTON,
             Appellant
_____

On Appeal from United States District Court
for the Western District of Pennsylvania
(W.D. Pa. No. 2-12-cr-00138-001)
District Judge: Honorable Cathy Bissoon
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 28, 2015

Before:  FISHER, HARDIMAN and ROTH, *Circuit Judges*.

(Filed: July 14, 2015)
_____

OPINION[*]
_____

    [*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

FISHER, *Circuit Judge*.

Earl J. Crayton appeals his final judgment of sentence, arguing that the District Court committed procedural error by failing to meaningfully consider arguments he made in favor of a reduced sentence. We will affirm.

I.

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts that are necessary to our analysis.

On September 23, 2013, Crayton pled guilty to a charge of possession of material depicting the sexual exploitation of a minor, in violation of 18 U.S.C. § 2252(a)(4)(B). Before sentencing, the Probation Office issued a Presentence Investigation Report ("PSR"), which calculated Crayton's total offense level as 28 with a criminal history category I, yielding an advisory Guidelines range of 78 to 97 months' imprisonment. Rather than objecting to the Probation Office's Guidelines calculation, Crayton instead argued for a downward variance for several policy-based reasons. Of most relevance to this appeal, Crayton challenged the application of three enhancements to his Guidelines calculations: (1) a two-level enhancement for use of a computer under U.S.S.G. § 2G2.2(b)(6), (2) a five-level enhancement because the offense involved 600 or more images under U.S.S.G. § 2G2.2(b)(7)(D), and (3) a four-level enhancement because the offense involved materials that portrayed sadistic or masochistic conduct or other

depictions of violence under U.S.S.G. § 2G2.2(b)(4). Crayton argued that these enhancements either applied in every child pornography case and resulted in double counting or otherwise lacked empirical support because they did not reasonably approximate the seriousness of the offense.

Crayton also sought a non-incarceration sentence by referencing instances where courts in the Western District of Pennsylvania and across the country had imposed non-incarceration sentences or otherwise varied substantially downward in child pornography cases. Given these other cases, Crayton contended that a downward variance was necessary to avoid unwarranted sentence disparities under 18 U.S.C. § 3553(a)(6).

At sentencing, the District Court rejected all but one of Crayton's arguments. The District Court agreed with Crayton that the two-level computer enhancement was unreasonable because it applied in almost every child pornography case. Without the two-level computer enhancement, the District Court noted that Crayton's Guidelines range would be 63 to 78 months' imprisonment. The District Court then sentenced Crayton to 78 months in prison followed by ten years of supervised release. Crayton filed this timely appeal.

## II.

The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We review a sentence's procedural and

substantive reasonableness for abuse of discretion.[1] In reviewing a sentence's procedural reasonableness, we ensure that the district court (1) correctly calculated the defendant's Guidelines range, (2) considered and ruled on motions for departure under the Guidelines, and (3) exercised its discretion by meaningfully considering the sentencing factors set forth in 18 U.S.C. § 3553(a), regardless of whether the court actually varies from the Guidelines sentence.[2] The third step requires district courts to "acknowledge and respond to any properly presented sentencing argument which has colorable legal merit and a factual basis."[3] If a sentence is procedurally reasonable, we then review it for substantive reasonableness, reversing "only where no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided."[4]

### III.

Crayton argues on appeal that his sentence is procedurally unreasonable because the District Court failed to meaningfully consider both his argument for a variance to avoid unwarranted sentencing disparities in child pornography cases and his policy arguments against application of the aforementioned sentencing enhancements. As explained below, Crayton's arguments are unpersuasive.

---

[1] *United States v. Freeman*, 763 F.3d 322, 335 (3d Cir. 2014).
[2] *United States v. Flores-Mejia*, 759 F.3d 253, 256 (3d Cir. 2014) (en banc).
[3] *Id.* (internal quotation marks omitted).
[4] *Freeman*, 763 F.3d at 335 (internal quotation marks omitted).

A.

Crayton first contends that the District Court failed to meaningfully consider his argument that a significant downward variance was necessary in this case to avoid unwarranted sentencing disparities. In his sentencing memorandum, Crayton cited a series of cases from the Western District of Pennsylvania and across the country where district courts imposed non-incarceration sentences or otherwise varied significantly downward in child pornography possession cases. According to Crayton, the District Court failed to consider this argument because its only express reference to disparities related to a different argument about Crayton's need to care for his infirm parents.

This argument is belied by the record. At a general level, the District Court recognized Crayton's policy-based arguments, which included his argument that the Guidelines were unduly harsh in child pornography possession cases, but concluded they were "generally unpersuasive."[5] The District Court also specifically addressed the substance of Crayton's sentencing-disparities argument, stating:

> [E]ven if I were *to disregard the [G]uideline[s] range for this offense, as some courts have done*, I believe the 78-month sentence imposed here is sufficient but not greater than necessary to comply with the purposes of [§] 3553 and that this sentence accounts for all the information contained in the record and reflects the very serious nature of Defendant's conduct and the needs for just punishment, public protection, deterrence, and rehabilitation.[6]

---

[5] App. 189.
[6] App. 190 (emphasis added).

5

In other words, the District Court acknowledged Crayton's argument for disregarding the Guidelines range entirely and imposing a non-incarceration or significantly reduced sentence and noted that other courts in other cases have followed this approach. The District Court simply rejected the argument based on the facts of Crayton's case and its assessment of the other § 3553(a) factors.

Additionally, by correctly calculating and reviewing the Guidelines range, the District Court "necessarily gave significant weight and consideration to the need to avoid unwarranted disparities."[7] Although the District Court might have said more, its conclusion that a within-Guidelines sentence was appropriate here despite examples of below-Guidelines sentences in other cases was legally sufficient.[8]

Finally, Crayton provided minimal information about the other cases he relied on in making his disparities argument. He merely included the defendants' convictions of child pornography crimes, their Guidelines ranges, and their sentences. In so doing, Crayton did not provide enough information to allow the District Court to conclude that these other defendants' offenses and histories were sufficiently similar to Crayton's offense and history to warrant a downward variance under § 3553(a)(6). For example, none of the cases Crayton cited appear to involve a defendant like himself who either accessed and produced child pornography or engaged in conduct "so dangerously close to

---

[7] *Gall v. United States*, 552 U.S. 38, 54 (2007).
[8] *See United States v. Irving*, 554 F.3d 64, 76 (2d Cir. 2009) ("[A] reviewing court's concern about unwarranted disparities is at a minimum when a sentence is within the Guidelines range." (internal quotation marks omitted)).

the line" while on bond,[9] but still received a below-Guidelines sentence. It is therefore unsurprising that the District Court's discussion of this argument was brief.

Accordingly, we conclude that the District Court meaningfully considered Crayton's sentencing disparity argument and did not abuse its discretion by rejecting it.

B.

Crayton next argues that the District Court imposed a procedurally unreasonable sentence because it failed to meaningfully consider his policy-based attacks on the five-level enhancement under U.S.S.G. § 2G2.2(b)(7)(D) for an offense involving over 600 images and the four-level enhancement under U.S.S.G. § 2G2.2(b)(4) for an offense involving materials portraying sadistic, masochistic, or violent conduct.

Crayton's argument misses the mark again. There is no doubt the District Court recognized its authority to vary downward based on a policy disagreement with the Guidelines—the Court rejected the two-level computer enhancement for this reason. For the other enhancements, however, the District Court found Crayton's policy-based attacks "generally unpersuasive" and, because there was no factual dispute regarding whether the enhancement applied, incorporated the enhancements into the Guidelines calculation. Nothing more was required of the District Court to justify its decision to adhere to the policy decisions underlying the enhancements that are incorporated into the Guidelines. Accordingly, the District Court did not abuse its discretion on this ground.

---

[9] App. 186.

## IV.

For the reasons set forth above, we will affirm the District Court's judgment of sentence.